UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| ZACHERY ANDERSON, ) | |
| ) | |
| Debtor, ) | |
| _____ ) | Case No. 4:18 CV 1336 CDP |
| ) | |
| ZACHERY ANDERSON, ) | |
| ) | |
| Appellant. ) | |

# **MEMORANDUM AND ORDER**

Appellant Zachery Anderson appeals an interlocutory order that was entered by the bankruptcy court on December 29, 2017.[1] Because the district court does not have jurisdiction over the appeal, it will be dismissed.

To appeal from an interlocutory order of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal within fourteen days after the entry of the order being appealed. Fed. R. Bankr. P. 8004(a)(1) (interlocutory appeal); 8002(a)(1) (14-day time limit). The notice must be accompanied by a motion for leave to appeal the interlocutory order. Fed. R. Bankr. P. 8004(a)(2). *See also* 28 U.S.C. § 158(a)(3) (district courts have

---

[1] *In re Zachery Anderson*, Case No. 17-47057-705 (Bankr. E.D. Mo. Dec. 29, 2017) (ECF 20, order). For purposes of this memorandum, I have taken judicial notice of the orders entered and other public records filed in the bankruptcy case. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005).

jurisdiction to hear appeals from interlocutory orders "with leave of court"). Such appeals are heard by a three-judge panel of the bankruptcy appellate panel (BAP) unless the appellant elects at the time of filing the appeal to have the appeal heard by the district court. 28 U.S.C. § 158(c)(1); Fed. R. Bankr. P. 8005(a).

Here, the order appellant Anderson appeals from was entered by the bankruptcy court on December 29, 2017. On January 19, 2018, Anderson filed with the bankruptcy clerk a notice of appeal of that order. When Anderson filed this notice of appeal, he did not elect to have the appeal heard by the district court. Accordingly, under Bankruptcy Rule 8004(c)(1), the bankruptcy clerk transmitted the appeal to the BAP clerk. On February 8, 2018, the BAP dismissed Anderson's appeal for lack of jurisdiction because the notice of appeal was not filed within fourteen days of the order he appealed from.

Thereafter, on February 16, 2018, Anderson again filed with the bankruptcy clerk a notice of appeal of the December 29 bankruptcy-court order. In this notice of appeal, however, Anderson elected to have the appeal heard by the district court.[2] As with the BAP, the district court does not have jurisdiction over the appeal because this notice of appeal was likewise filed well outside the fourteen-day period within which Anderson could appeal the December 29 order. *Veltman*

---

[2] This appeal was received and docketed by the clerk of the district court on August 16, 2018. No explanation is provided by nor evident from the record as to why it took six months for the February 16 notice of appeal to be transmitted to the district court.

*v. Whetzal*, 93 F.3d 517, 520 (8th Cir. 1996) ("[F]ailure to file a timely notice of appeal from a bankruptcy court's order deprives the district court of jurisdiction to review that order.").

Moreover, Anderson's statement of election to have the district court hear his appeal was itself untimely, since he filed this election after filing the initial notice of appeal. Under § 158(c)(1), the only method available to bankruptcy litigants to have the district court hear an appeal is to file a statement of election "at the time of filing the appeal." Anderson filed his first notice of appeal on January 19, 2018; he filed his statement of election on February 16, 2018.

Finally, since Anderson seeks to appeal an interlocutory order, he was required to file a motion for leave to appeal the order. 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8004(a)(2). His failure to do so deprives this Court of jurisdiction over the appeal. *In re Allen*, No. 4:18CV210 RLW, 2018 WL 3785170, at *2 (E.D. Mo. Aug. 9, 2018) (citing *Estate of Storm v. Northwest Iowa Hosp. Corp.*, 548 F.3d 686, 688 (8th Cir. 2008)).

Therefore, for all of the foregoing reasons, the district court does not have jurisdiction over Anderson's appeal of the bankruptcy court's December 29, 2017, interlocutory order.

Accordingly,

**IT IS HEREBY ORDERED** that this appeal is dismissed with prejudice for

lack of jurisdiction.

An appropriate Order of Dismissal is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2018.